IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JEREMY CHANTE VAUGHN,

                              Plaintiff,

    v.

TAYLOR COUNTY JAIL,
MENTALITY HEALTH GROUP,
and MARATHON COUNTY JAIL,

                              Defendants.

                              OPINION and ORDER

                              23-cv-219-wmc[1]

---

    Pro se plaintiff Jeremy Chante Vaughn is incarcerated at the Lincoln County Jail. He contends that defendants were responsible for medication errors while he was incarcerated at the Marathon County Jail and the Taylor County Jail. I stayed my initial review of Vaughn's complaint for 30 days at his request, Dkt. 11, but he has not filed an amended complaint so I will screen the complaint as filed.

    Because Vaughn is proceeding in forma pauperis, I must screen the complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915A. In doing so, I must accept the allegations as true and construe the complaint generously, holding it to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). With that standard in mind, I will dismiss Vaughn's complaint and allow him a chance to file an amended complaint that fixes the problems I describe in this order.

---

[1] I am exercising jurisdiction over this case for the purpose of screening only.

ANALYSIS

Between April 2021 and March 2023, Vaughn was "in and out of" the Marathon County and the Taylor County jails. Dkt. 1 at 2. When he was incarcerated, "providers" in these two jails gave him a combination of medications that he later learned from should not be taken together. *Id.* Vaughn alleges that he has suffered an infection, internal bleeding, blood clots, a tear near his adrenal gland, and pain at night that interferes with his sleep.

I must dismiss the complaint for two reasons. First, Vaughn cannot proceed against the Marathon County and Taylor County jails. Jails may not be sued in this type of civil lawsuit. *Smith v. Knox Cnty. Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012). Even if I were to construe the complaint as intending to sue the counties themselves, Vaughn does not allege that either county had adopted a "custom or policy" of providing inmates with unsafe combinations of medication. *See Monell v. Dep't of Social Services*, 436 U.S. 658, 690 (1978) (municipalities may be held liable for violations of civil rights if they have adopted a policy or custom that violated the plaintiff's constitutional rights).

Second, Vaughn also names Mentality Health Group in the case caption, but he cannot proceed against this defendant either because there are no allegations in the complaint about this entity. I cannot discern what kind of entity this defendant is or what role Vaughn believes this entity played in the alleged medication errors. Even if this defendant can be sued in this type of lawsuit, it has insufficient notice of how Vaughn believes it violated his rights as required by Federal Rule of Civil Procedure 8. Although Vaughn refers to "providers" and "medical professionals" collectively in his complaint, Dkt. 1 at 2–3, liability in a civil rights lawsuit is generally based on an individual's "personal involvement in the alleged constitutional deprivation," *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017). Vaughn's allegations

2

are too conclusory for me to discern whether he intends to sue any individual providers or which providers he means to sue out of either jail's medical staff.

I will dismiss the complaint, but I will allow Vaughn a chance to file an amended complaint. In drafting his amended complaint, Vaughn must use the court's prisoner complaint form that I will direct the clerk's officer to send him with a copy of this order. Vaughn should identify by full name all the individuals he wishes to sue in the caption and explain in the amended complaint what each defendant did to violate his rights; he should not refer to defendants collectively. He should also carefully consider whether he is naming proper defendants and omit defendants who did not personally participate in, or otherwise cause, a violation of his constitutional rights. The claims must be clearly related to each other, either because the underlying incidents were substantially similar, because they involved the same individual defendants, or because the incidents were causally related to each other. If Vaughn wishes to pursue additional unrelated claims, he will need to file them as separate cases. Finally, because Vaughn's status while incarcerated at these county jails determines what legal standard applies to his claims, he should indicate whether he was a prisoner or a pretrial detainee.

If Vaughn does not file an amended complaint by the deadline indicated below, I will dismiss this lawsuit for his failure to prosecute it.

ORDER

IT IS ORDERED that:

1. Plaintiff's complaint is DISMISSED without prejudice for its failure to name a proper defendant or to comply with the Federal Rules of Civil Procedure.

2. Plaintiff may have until **October 17, 2023, to file an amended complaint that fixes the problems described in this order. If plaintiff does not respond by**

**that deadline, the court will dismiss this lawsuit with prejudice for his failure to prosecute it.**

3.  The clerk of court is directed to send plaintiff a copy of the court's prisoner complaint form along with a copy of this order.

Entered September 26, 2023.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge